MARY SHAW, Respondent, v. THE CENTRAL PAC. R. R. CO., Appellant.

No. 1711; July 14, 1869.

**Railroad—Liability for Grading.—The Fact That One Who Grades a Street** under a contract with a city, and a railroad under a contract with the company, keeps the same men and the same teams working on both jobs, does not render the railroad company liable for damages sustained by a property holder by reason of the street work, even though the railroad and the street are side by side.

APPEAL from Sixth Judicial District, Sacramento County.

Henry Starr for respondent; E. B. Crocker and Robt. Robinson for appellant.

SANDERSON, J.—This is an action for damages done to the real estate of plaintiff by the defendant, in constructing its road upon a part of it, and by grading a street opposite to the other part.

In respect to the injury or damage done by the construction of the defendant's road, the defendant justified under the provisions of the railroad law in relation to the condemnation of private property for railroad purposes. As to the damage done by grading of the street, the defendant denied that it either did, or caused to be done, the work, by reason of which the damage was caused.

The first defense was fully sustained by the testimony, and the court so instructed the jury. Upon the other defense, however, the jury found a verdict against the defendant. A motion for a new trial was made, but denied. One of the

grounds of the motion was, that the verdict was contrary to the evidence. After a careful examination of all the testimony we are of the opinion that a new trial should have been granted upon that ground. The case shows beyond all controversy that the grading of the street was done by one Charles Crocker, under a contract with the city of Sacramento. The only evidence offered by the plaintiff, tending to connect the defendant with the grading of the street, was to the effect that the work was done by the same persons and teams by which the railroad, which passes along the side of the street, was graded. But this is explained by the fact that the railroad and the street were both graded by Crocker— the former under a contract with the defendant, the latter under a contract with the city of Sacramento. Upon the testimony we think it clear that the defendant is, in no respect, responsible for any damage which the plaintiff may have sustained, if she has sustained any for which she has a remedy by action—a point we do not decide.

Judgment and order reversed, and new trial granted.

We concur: Sprague, J.; Crockett, J.; Sawyer, C. J.; Rhodes, J.